UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

(2) DAVID GOLISANO, and
(3) DAMIEN HUNT,

Defendants

Criminal No. 24-10353-AK

GOVERNMENT'S RESPONSE TO DEFENDANTS' BRIEF REGARDING STANDING

Defendants Golisano and Hunt filed a brief claiming they have standing to challenge the search of their co-defendant Adika Manigo's car in October 2020 on a theory of standing that was long ago rejected by the U.S. Supreme Court. Defendants admit they had no possessory interest in Manigo's car (or Manigo's phone that was seized from Manigo's car). Rather, defendants assert they have standing to challenge the search because, eventually, evidence from the search was used to develop evidence that targeted *them* and is therefore fruit of the poisonous tree. *See* Defs.' Brief at 3 ("Because the Government's case against the Standing Defendants is built on evidence *derived from* the unlawful October 2020 vehicle stop, the Standing Defendants have standing to joint the motion to suppress filed by Mr. Manigo.") (emphasis added). This concept is known as "target standing" or "derivative standing" and, although sometimes used in state-court practice, was long ago conclusively rejected as a matter of federal law.

In *United States v. Soule*, the First Circuit summarized the federal system's rejection of target/derivative standing. *See* 908 F.2d 1032 (1st Cir. 1990). As *Soule* describes, the Supreme Court in cases such as *Rakas v. Illinois*, 439 U.S. 128 (1978), *United States v. Salvucci*, 448 U.S. 83 (1980), and *Rawlings v. Kentucky*, 448 U.S. 98 (1980), decided that criminal defendants lack standing to

challenge searches of property in which they have no possessory interest merely because, somewhere down the line, the evidence was used (or, as relevant here, *led to evidence that was used*) against them. As the Supreme Court stated in *Rakas*, "Fourth Amendment rights are personal rights which . . . may not be vicariously asserted." Although *Wong Sun*, to be sure, described a "fruit of the poisonous tree" rule, that rule does not confer standing on everyone who could be affected by a challenged search.

Based on these principles, in *Soule*, the First Circuit decided—as squarely relevant in this case—that Soule could not challenge the traffic stop of a third party where he had no possessory interest in the truck. *See* 908 F.2d at 1037.

Similarly, Hunt and Golisano had zero possessory interest in Manigo's car or in Manigo's phone seized from Manigo's car. Indeed, to the government's knowledge, Manigo's phone did not even contain any conversations identified as having been *with* Hunt or Golisano. But even if it did, the item/place searched was *Manigo's car/phone*, not Hunt's car/phone and not Golisano's car/phone. Accordingly, under federal constitutional principles, even if the Court were to suppress the traffic stop of Manigo (which, as explained in the government's Opposition, it should not), all evidence seized from or as a result of the traffic stop—including the evidence from Manigo's phone and any evidence derived from the phone—would always be fully admissible as to Hunt and Golisano. *See Soule*, 908 F.2d at 1035-37.

Because defendants Hunt and Golisano lack standing to challenge the search of another person's car/phone, the motion to suppress should be denied as to them without a hearing.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By:     /s/ Samuel R. Feldman
        Samuel R. Feldman
        Assistant U.S. Attorney

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

By:  */s/ Samuel R. Feldman*
Samuel R. Feldman
Assistant U.S. Attorney