UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) ADIKA MANIGO,<br>(2) DAVID GOLISANO, and<br>(3) DAMIEN HUNT,<br><br>Defendants | Criminal No. 24-10353-AK |

GOVERNMENT'S OPPOSITION TO MOTION TO
CONTINUE SUPPRESSION HEARING

This case sat in the magistrate session for a year, from November 2024 to November 2025. It is now set for trial starting on August 24, 2026. A hearing on defendants' motion to suppress—which relates to an OUI stop of defendant Manigo six years ago, in October 2020—was scheduled for April 27, 2026. The suppression hearing was continued based on a last-minute request by the defense after the government had already secured and prepared witnesses. At a status conference on April 27, the Court and the parties broke out their calendars and agreed on June 5, 2026, as the date for the suppression hearing. The Court set a backup date of July 8, 2026, to accommodate defendant Golisano's counsel. The backup date would not be necessary if the Court decided Golisano and Hunt lacked standing. The parties have since briefed standing. *See* ECF Nos. 119, 120. Now, two days before the hearing, defendants again ask for a last-minute continuance. The basis for this request is (1) the government's production *37 days ago* of four photos and a 99-second video; and (2) the availability of a surveillance officer (BPD Officer James Freeman, ret.) who, as Friday's testimony will show, had nothing to do with the decision to stop the defendant for OUI in October 2020. The hearing should go forward on Friday as (1) the government has, once again, secured and prepared

witnesses; and (2) the case has proceeded unusually slowly due to delay by the defense, including scattered discovery requests and unnecessary continuances, which prejudices the government. Should the Court require more testimony after Friday's hearing, the backup date is available.

The first basis for the defense request is the government's production, 37 days ago, of four pictures and a video.[1]  The pictures show Manigo's rental car parked at the State Police barracks in the Seaport after it was brought there following Manigo's arrest.  The pictures also show the "brown-tinted liquid" that, according to Trooper Cavagnaro's report, Manigo admitted was Don Julio tequila.



The 99-second video shows items that were found in Manigo's rental car during the inventory search. There is also a brief interaction among the officers at the barracks,[2] including agents who were participating in the federal investigation of Manigo.  The officers described Manigo as being drunk.

There is no mystery to unravel as to the origin of the photos and video.  Prior to the suppression hearing, Trooper Cavagnaro found them on her phone.  The government has an ongoing duty to

---

[1] Some of the pictures appear to have been taken using iPhone's "live" photo function and thus appear as very short videos.

[2] Defendants in their motion assert that the video shows an additional officer at the "arrest."  It is not clear why who was at the arrest matters.  Regardless, the video shows who was at the barracks (Seaport) *after* the arrest (East Boston).

supplement discovery, and it immediately did so.  The photos and video are available for Manigo's use at the suppression hearing on Friday.  Receiving a small amount of evidence in a supplemental discovery production, 37 days prior to a hearing, cannot be the basis for a continuance.  Defendants have pointed to no reason that the Court cannot proceed on Friday and take additional evidence, if necessary, on the backup date of July 8.

Defendants' second reason for a continuance, the availability of retired BPD Officer James Freeman, is even less persuasive.   Officer Freeman now works for the Boston Red Sox and his schedule is dictated by theirs.  A month ago, on May 5, 2026, the undersigned informed defense counsel that Officer Freeman cannot participate on June 5 because the Red Sox are playing in New York that day.  The team travels the day before.  The undersigned offered twenty-six dates on which Officer Freeman could potentially testify.   Government counsel wrote, "Do you want to accept an affidavit for him?  He really was just a support role for the fed investigation.  He will not have much to say."  Two-and-a-half weeks later, defense counsel for Manigo responded.  Counsel declined the offer of an affidavit.

As the government informed defense counsel, Officer Freeman was in a surveillance role and the government does not expect he will have much relevant testimony.  The government expects that testimony by other witnesses at Friday's hearing will reveal as much.  As such, the government

suggests that the hearing proceed on Friday.  If the Court needs additional testimony after Friday, the

backup date can be used.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By:     */s/ Samuel R. Feldman*
Samuel R. Feldman
Assistant U.S. Attorney

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

By:    */s/ Samuel R. Feldman*
         Samuel R. Feldman
         Assistant U.S. Attorney