UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

(1) ADIKA MANIGO,
(2) DAVID GOLISANO, and
(3) DAMIEN HUNT,

       Defendants

Criminal No. 24-10353-AK

GOVERNMENT'S RESPONSE TO COURT ORDER

In response to the Court's Order dated June 5, 2026 (ECF No. 131), the government provides

the following report on discovery and/or conflict issues to be addressed at the hearing on June 25,

2026.

A. *Potential Conflict Issues*

With respect to conflict issues, Defendants' pending suppression motion (ECF No. 93) (the

"Motion") challenges a traffic stop of defendant Manigo for operating under the influence that

occurred in East Boston on October 15, 2020.  After the stop, law enforcement seized a phone from

the defendant's car pursuant to an inventory search.  Agents then obtained a warrant for the phone

(Hon. Marianne B. Bowler, U.S. Magistrate Judge).  The affidavit in support of the warrant (filed as

ECF No. 104-5) includes facts from an audio-recorded interview of a confidential source (the "CS")

who, a year prior (2019), provided information about Manigo's drug trafficking activities.  *See* ECF

No. 104-5, pp. 3-4.  The CS provided information in the hope of receiving consideration in a then-

pending East Boston state-court drug case.  The Motion claims, in part, that the affidavit provided

wrong or misleading information about statements made by the CS in 2019.

Prior to the 2024 indictment in this case, the CS died.

On June 4, 2026, the undersigned government counsel was preparing for the suppression hearing scheduled for June 5, 2026.  While reviewing state-court docket information, counsel saw that the CS had previously been represented by Ms. Kelleher in an East Boston state-court drug case in 2005-06.  Ms. Kelleher is current counsel for Mr. Manigo.  Government counsel contacted Ms. Kelleher and raised the issue.

The government has not named the CS in discovery and would not, in the ordinary course, do so. The CS would not likely be discussed at any trial of Mr. Manigo except in passing or as background.  The CS is deceased and therefore would not be a trial witness.

The government understands from Ms. Kelleher that Mr. Manigo plans to waive the potential conflict in court, on the record.  The government believes any conflict would be waivable by Mr. Manigo.   The government is researching whether Ms. Kelleher's use of the CS's privileged information on behalf of Mr. Manigo would raise any separate issues.  *See, e.g.*, *In Re John Doe Grand Jury Investigation*, 408 Mass. 480 (1990) (holding that the attorney-client privilege survives death).

B.  *Discovery Issues*

Shortly before the suppression hearing scheduled for June 5, 2026, defense counsel raised issues about a supplemental discovery production the government made a month earlier (April 27, 2026) of a 99-second video and four photographs.  The parties' positions are set out in the pleadings at ECF Nos. 122, and 125.  Defendant claims that the supplemental production, which, among other things, shows the water bottle of Don Julio tequila that defendant had in his car during the OUI stop, is "exculpatory."  Defense counsel seeks "[a]ny and all notes, reports, or other documents as to when

the evidence was produced, what steps the government took to obtain the evidence prior to the status hearing, and how and when Trooper Cavagnaro first accessed the evidence."

The government has already explained how the evidence came to be produced. As the government stated in its filing at ECF No. 122, Trooper Cavagnaro found the photos/video on her phone during prep. The prep occurred on April 23, 2026, which explains why that date may be associated with the video in metadata (i.e., the date of transfer to the U.S. Attorney's Office's computer). The government is unaware of additional discoverable information to provide.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By:    /s/ Samuel R. Feldman
       Samuel R. Feldman
       Assistant U.S. Attorney

**<u>Certificate of Service</u>**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

By:    */s/ Samuel R. Feldman*
        Samuel R. Feldman
        Assistant U.S. Attorney